IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALMA SANCHEZ PALACIOS,

                                    **CASE NO. 2:16-cv-647**
    **Petitioner,**               **CRIM. NO. 2:15-cr-183**

     **v.**                    **JUDGE JAMES L. GRAHAM**
                                  **Magistrate Judge Kemp**

UNITED STATES OF AMERICA,

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed a motion to vacate  sentence pursuant to 28 U.S.C. §2255.  The case is before the Court on the motion (Doc. 130), an addendum to the motion (Doc. 137) and the United States' response (Doc. 138).  For the following reasons, it will be recommended that the motion to vacate be **DENIED**.

## I.  Facts and Procedural History

On July 30, 2015, the grand jury indicted Petitioner and four other individuals on drug and firearms charges.  Petitioner was named in count one, which charged her with conspiring to possess one kilogram or more of heroin with the intent to distribute it. (Doc. 14).

After entering a not guilty plea at her arraignment, Petitioner changed her plea and pleaded guilty to a lesser included charge fo conspiracy to possess with intent to distribute a detectible amount of heroin.   A sentencing hearing was held on December 18, 2015, at which the Court sentenced Petitioner to 63 months of imprisonment.  (Doc. 108).  Petitioner did not appeal.

On June 24, 2016, Petitioner filed her motion to vacate.  In that motion, Petitioner asserts that her sentence was premised on an unconstitutional statute.  Although she was sentenced pursuant to 21 U.S.C. §841(a)(1), (b)(1)(C), and 21 U.S.C. §846, she contends that she is entitled to relief under *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015), which, as discussed below, found a portion of the Armed Career Criminal Act, 18 U.S.C. §924(e), to be void for vagueness.

In her addendum, filed on August 2, 2016, Petitioner asserts a claim based on *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016) and a clarifying amendment to the commentary to U.S.S.G. §3B1.2, which was adopted on November 1, 2015.  She asserts that under the clarifying amendment, she should have been assigned a minor or minimal role in the offense because she was not as culpable as others who were involved.

In its response to the motion and the addendum, the United States contends that Petitioner's *Johnson* argument lacks merit because Petitioner was not sentenced under the ACCA or, indeed, any provision of law to which the holding in *Johnson* arguably applies.  It also asserts that Petitioner has waived any argument about an adjustment for her role in the offense because the matter was not raised at sentencing.

## II.  Discussion

In *Johnson v. United States*, 135 S.Ct. at 2551, the United States Supreme Court held that the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague.  Under the ACCA, a criminal defendant who is found guilty of possessing a firearm after having been convicted on

three or more convictions of a "serious drug offense" or a "violent felony" is subject to a mandatory minimum sentence of 15 years and a maximum term of life in prison. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)    is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]*

18 U.S.C. § 924(e)(2) (Emphasis added). The italicized portion of subsection (ii) is known as the "residual clause," and it is the section of the statute that *Johnson* found to be unconstitutionally vague.

The United States is correct that *Johnson* has no application to Petitioner's case. The statute she was sentenced under does not deal with crimes of violence, nor does it contain any definition of that term which might arguably be void for vagueness under the *Johnson* rationale. She is clearly not entitled to any relief based on *Johnson*.

As to the second claim, although Petitioner argues that the clarifying amendment is retroactive (and the Court of Appeals for the Ninth Circuit concluded in *Quintero-Leyva* that the amendment applied to cases on appeal), there is no retroactivity issue here because the amendment went into effect prior to the date on which Petitioner was sentenced. Further, the record supports the United States' assertion that this issue was

never raised during the sentencing proceedings. The Court sustained an objection to the Presentence Investigation Report which assigned Petitioner an enhanced role in the offense, but she did not argue for an adjustment based on a minor or minimal role. Even if she had, she did not file a direct appeal, and the time for doing so has passed. This is an issue which could have been raised on direct appeal and the failure to raise it there is a procedural default, meaning that the Court, in the context of a motion to vacate filed under §2255, cannot consider it on the merits. *See United States v. Frady*, 456 U.S. 152 (1982). Consequently, Petitioner's addendum does not raise a claim upon which she is entitled to relief.

### III. Recommended Disposition

For the reasons set forth above, the Magistrate Judge **RECOMMENDS** that the motion to vacate sentence (Doc. 130), as supplemented by the addendum (Doc. 137), be **DENIED** and that this action be **DISMISSED**.

### IV. Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or

recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendati*on will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.


/s Terence P. Kemp
United States Magistrate Judge